UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

JOHANNA PAZMINO,

          Petitioner,

v.

OSCAR AVILES, et al.,

          Respondents.

Civil Action No. 15-1911 (CCC)

OPINION

**CECCHI, District Judge**

Presently before the Court is Petitioner Johanna Pazmino's ("Petitioner") Petition for a Writ of Habeas Corpus pursuant to 18 U.S.C. § 2241 ("Petition"). The Petition was originally filed in the Southern District of New York, and per that court's March 13, 2015 order, the case was transferred to this Court. Petitioner is challenging her detention by immigration officials pursuant to the mandatory detention statute, 8 U.S.C. § 1226(c). At this time, the Court must screen the Petition in accordance with Rule 4 of the Rules Governing Section 2254 Cases, applicable to § 2241 cases through Rule 1(b), to determine whether the Petition should be dismissed because Petitioner is not entitled to relief. For reasons stated below, the Court will allow Claim III to proceed, and will dismiss the remainder of the Petition.

## I.    FACTUAL BACKGROUND

Petitioner alleges in the Petition that she was detained by immigration officials on December 31, 2014, pursuant to the mandatory detention statute, 8 U.S.C. § 1226(c).[1] The

---

[1] There is an inconsistency within Petitioner's allegations as to when she was taken into custody by Respondents. Early in her Petition, Petitioner alleges that she was arrested by ICE "on or about January 31, 2014 at her home." (ECF No. 1 at 1.) Later in the Petition, however, Petitioner alleges that "[e]arly in the morning of December 31, 2014, ICE agents arrived at

underlying offense giving rise to the mandatory detention was a federal criminal conviction for conspiracy to launder monetary instruments in violation of 18 U.S.C. § 1956(h). (ECF No. 1 at 1.) Petitioner also alleges that she was arrested for that offense, spent one day in custody, and on the following day, was sentenced to time served and three years of supervised release for that offense. *Id.* Petitioner further alleges that her detention by ICE was more than one year after her conviction and release from the qualifying offense. *Id.* There is no allegation that Petitioner's removal proceedings have been finalized and a final order of removal issued.

## II.   STANDARD OF REVIEW

This Court has subject matter jurisdiction over the Petition under § 2241 because Petitioner was detained within its jurisdiction in the custody of the DHS at the time she filed her Petition, *see Spencer v. Kemna*, 523 U.S. 1, 7 (1998), and she asserts that her detention violates federal law and her constitutional rights. *See Bonhometre v. Gonzales*, 414 F.3d 442, 445–46 (3d Cir. 2005).

"Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face." *McFarland v. Scott*, 512 U.S. 849, 856 (1994); *United States v. Thomas*, 221 F.3d 430, 437 (3d Cir. 2000). Habeas Rule 4 requires a district court to examine a habeas petition prior to ordering an answer and "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." 28 U.S.C. § 2254 Rule 4, applicable through Rule 1(b). Dismissal without the filing of an answer is warranted "if it appears on the face of the petition that petitioner is not entitled to relief." *Id.*; *see also McFarland*, 512

---

Petitioner's home and took both Petitioner and the father of her children into custody." *Id.* at 5. Petitioner also alleges that she was employed full time as an assistant manager by the General Nutrition Center, and had an income of $31,589.78 in 2014, more than her income in any of the previous five years. *Id.* Thus, it appears based on her income in 2014 that Petitioner could not have been detained by ICE in January of 2014 and that this may have been a typographical error.

U.S. at 856; *Thomas*, 221 F.3d at 437 (habeas petition may be dismissed where "none of the grounds alleged in the petition would entitle [the petitioner] to relief").

### III.   DISCUSSION

Petitioner makes three claims for relief. In Claim I, Petitioner argues that she was never "released" for the purposes of § 1226(c), since she was never sentenced to a term of imprisonment for her underlying conviction. In Claim II, Petitioner cites Southern District of New York law for the proposition that "the plain language of the statute . . . manifests Congress' clear intent that there must be a nexus between the date of release and the removable offense." *Louisaire v. Muller*, 758 F. Supp. 2d 229, 236 (S.D.N.Y. 2010) (quoting *Garcia v. Shanahan*, 615 F. Supp. 2d 175, 182 (S.D.N.Y. 2009)). Because Petitioner's detention came more than a year after she was released from the underlying offense, Petitioner asserts that her detention is contrary to federal law. In Claim III, Petitioner claims her detention is in violation of her Fifth Amendment due process rights. The Court addresses each of these claims separately below.

#### A. "Release"

Petitioner claims that she was never "released" for the purposes of § 1226(c), and therefore that she should not be subject to mandatory detention under that statute. Petitioner reasons that because she was given "time served" for her underlying conviction, which consisted of spending exactly one day in custody, and because she received only three years of supervised release and no term of imprisonment, she was not "released" for the purpose of § 1226(c) since she never served a custodial sentence. The Court disagrees.

Section 1226(c) states that "[t]he Attorney General shall take into custody any alien . . . when the alien is released [from an enumerated offense], without regard to whether the alien is released on parole, supervised release, or probation." 8 U.S.C. § 1226(c). The Third Circuit has

held that a release from pre-conviction arrest, even if the arrestee receives no custodial sentence in the subsequent conviction, fulfills the release requirement under § 1226(c). *Sylvain v. Attorney General*, 714 F.3d 150, 161 (3d Cir. 2013); *Gonzalez-Ramirez v. Sec'y of U.S. Dep't of Homeland Sec.*, 529 F. App'x 177, 180-81 (3d Cir. 2013).

Here, Petitioner admits that she was arrested and was in custody for exactly one day. The next day, she was convicted of a qualifying offense subject to mandatory detention, and sentenced to "time-served." Contrary to Petitioner's contention, the Court construes the one-day incarceration as a custodial sentence, because the sentencing court sentenced her to time served, even if the time served was only a single day. Nothing in § 1226(c) requires a minimal length of incarceration prior to release. *See Christie v. Elwood*, No. 11-7070, 2012 WL 266454, at *2 (D.N.J. Jan. 30, 2012) (finding that release from a one-day criminal incarceration for a removable offense is sufficient to trigger § 1226(c)).

Even if the Court agrees with Petitioner that she never served a custodial sentence, and that the one-day incarceration was only for pre-trial purposes, as *Sylvain* and *Gonzalez-Ramirez* make clear, a release from pre-conviction arrest, followed by a subsequent conviction, fulfills the release requirement under § 1226(c). *See Gonzalez-Ramirez*, 529 F. App'x at 180-181 (agreeing with the government's contention that because the petitioner "was at one point in pre-conviction custody following his 2007 arrest in New York, [] that release from pre-conviction custody was sufficient to trigger 'mandatory detention'"). As such, because Petitioner was arrested and released for a removable offense, and Petitioner was convicted of that removable offense, that is sufficient to trigger mandatory detention under § 1226(c). Accordingly, Petitioner is not entitled to relief on this ground.

### B. Mandatory Detention

In her second claim, Petitioner relies on Southern District of New York precedent that requires detention to be contemporaneous with release from the underlying offense that gave rise to mandatory detention under § 1226(c). *See Louisaire*, 758 F. Supp. 2d at 236. However, that is not Third Circuit precedent, which binds this Court.

Instead, in *Sylvain*, the Third Circuit held that DHS retains the authority to take aliens into mandatory detention under § 1226(c) even if it does not do so immediately upon their release from criminal custody. 714 F.3d at 156-57. "[M]andatory detention does not require immediate detention." *Id.* at 156. "Even if the statute calls for detention 'when the alien is released,' and even if 'when' implies something less than four years, nothing in the statute suggests that immigration officials lose authority if they delay." *Id.* at 157.

Here, as stated above, Petitioner was convicted, sentenced, and released from an enumerated crime under § 1226(c), and she was detained by DHS because of that conviction. Even though Petitioner's detention occurred more than a year after her release, under *Sylvain*, DHS retains full authority to detain Petitioner pursuant to § 1226(c) no matter how much time has passed. Therefore, Petitioner is not entitled to relief on this ground.

### C. Due Process

Petitioner further alleges that her detention is unconstitutional in violation of her Fifth Amendment due process rights. Mainly, Petitioner argues that her continued detention requires an individualized bond hearing. In *Chavez-Alvarez v. Warden York Cnty. Prison*, No. 14-1402, 2015 WL 1567019 (3d Cir. Apr. 9, 2015) (precedential), the Third Circuit held that "beginning sometime after the six-month timeframe considered by *Demore*, and certainly by the time [petitioner] had been detained for one year, the burdens to [petitioner]'s liberties outweighed any justification for using presumptions to detain him without bond to further the goals of the statute."

*Id.* at *7. "We conclude that the underlying goals of the statute would not have been, and will not now be undermined by requiring the Government to produce individualized evidence that [petitioner]'s continued detention was or is necessary." *Id.*

Here, the Court finds the Petition has facially stated a claim that requires an answer from Respondent pursuant to Rule 4.[2] By the time Respondent's answer is due per the Court's accompanying Order, six months will have passed from the time Petitioner was initially detained. Therefore, the Court finds it prudent to direct Respondent, at this time, to produce individualized evidence that Petitioner's continued detention is necessary. As such, the Court will require Respondent to file an answer on the issue of Petitioner's continued detention.

### IV. CONCLUSION

For the reasons set forth above, Claim I and II of the Petition are DISMISSED. All Respondents other than Oscar Aviles are DISMISSED. The Respondent shall file an Answer with the Court justifying Petitioner's continued detention under § 1226(c).

Dated: May 20, 2015

Claire C. Cecchi, U.S.D.J.

---

[2] The Court hereby dismisses all Respondents other than Oscar Aviles from the case. "[I]n habeas challenges to present physical confinement - 'core challenges' - the default rule is that the proper respondent is the warden of the facility where the prisoner is being held, not the Attorney General or some other remote supervisory official." *Rumsfeld v. Padilla*, 542 U.S. 426, 435 (2004).